Shorall McGoldrick Brinkmann
1232 east missouri avenue
phoenix, az  85014-2912
602.230.5400
602.230.5432 (fax)
smb@smbattorneys.com
paulmcgoldrick@smbattorneys.com
tomshorall@smbattorneys.com
scottzerlaut@smbattorneys.com

Paul J. McGoldrick, #010383
Tom Shorall Jr., #010456
Scott M. Zerlaut, #014714
Attorneys for Defendants Celia Clark and Clark & Gentry

In the United States District Court

For the District of Arizona

| | |
|---|---|
| Benyamin Avrahami; et al., | CV 19-04631-PHX-SPL |
| Plaintiffs, | **Rule 12(b) Motion to Dismiss and Rule 12(f) Motion to Strike** |
| v. | |
| Celia Clark; et al., | |
| Defendants. | |

Defendants Celia Clark and Clark & Gentry P.L.L.C. (together "Clark") respectfully ask this Court to dismiss the Complaint's various counts in accordance with Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(f).[1] This Court does not have subject-matter jurisdiction over Plaintiff's two state-law RICO claims because they fail to meet certain jurisdictional prerequisites. Plaintiffs also assert two duplicative state-law conspiracy claims, one of which should be struck as redundant. Additionally, the

---

[1] The Complaint asserts the following counts: (i) federal RICO; (ii) conspiracy to violate federal RICO; (iii) state RICO; (iv) conspiracy to violate state RICO; (v) breach of fiduciary duty; (vi) negligence and professional malpractice; (vii) negligent misrepresentation; (viii) disgorgement; (ix) rescission; (x) breach of contract and duty of good faith; (xi) common-law fraud; (xii) aiding and abetting; and (xiii) civil conspiracy. [*See, generally,* Doc. 1.]

counts seeking disgorgement, rescission, aiding and abetting, and conspiracy do not assert claims that are legally-cognizable under Arizona law. Finally, Plaintiffs fail to plead facts sufficient to establish the plausibility of their various claims. For example, although almost all of Plaintiffs' claims are grounded in fraud, the Complaint fails to meet Rule 9(b)'s heightened pleading standard, which requires that the "who, what, when, where, and how" of the alleged fraud be pleaded with particularity. Further, Plaintiffs impermissibly lump together all of the Defendants in most instances, failing to identify which Defendants are responsible for what conduct, thus failing not just Rule 9(b) but also the *Twombly-Iqbal* pleading standards.[2]

Appended hereto is Clark's counsel's certification in compliance with LRCiv 12.1(c) and this Court's Preliminary Order [Doc. 7].

**Memorandum of Points and Authorities**

**1.    Factual Background**

Plaintiffs Benyamin and Orna Avrahami operate the "London Gold" chain of jewelry stores though their corporation American Findings. [Doc. 1, ¶ 47.] The remaining Plaintiffs are either real-estate holding companies or a "micro-captive insurance company." Plaintiffs allege that this micro-captive insurer, Feedback Insurance, was created to provide "non-tax benefits including, but not limited to, lawful insurance coverage, and in addition would legally reduce Plaintiffs' . . . federal and state taxes." [Doc. 1, ¶¶ 26, 48, 53.] The Complaint refers to this as the "Captive Insurance Strategies." [*See, e.g.,* Doc. 1, ¶¶ 25-40.] And the Plaintiffs alleged that they hired the various Defendants to provide legal, tax, and investment advice and services regarding Feedback's formation, operation, and tax liabilities. [*See generally* Doc. 1.]

These Captive Insurance Strategies are the crux of Plaintiffs' claims. In a nutshell, the Complaint alleges that the Captive Insurance Strategies did not provide the tax benefits that they were intended to provide and that the IRS disallowed certain deductions and ordered the Plaintiffs to

---

[2] Clark also adopts and incorporates by reference Defendants Hiller and Fennemore Craig's motion to dismiss, filed concurrently with this motion. The arguments asserted in that motion are equally applicable to Clark.

pay back taxes and interest. [*See, e.g.,* Doc. 1, ¶ 26.] The Plaintiffs assert claims not just for just legal and accounting malpractice, but they also allege that Defendants engaged in a conspiracy to defraud them.

**2. The state-law RICO claims must be dismissed because Plaintiffs did not serve the Complaint on the Arizona Attorney General and because the Complaint is not verified.**

Counts III and IV assert, respectively, a claim for violating Arizona's RICO statute and a claim for conspiring to violate Arizona RICO. Arizona's RICO statute explicitly requires a plaintiff who files a civil RICO claim to serve a copy of the complaint on the Arizona Attorney General within 30 days of filing suit. A.R.S. § 13-2314.04(H).[3] "This requirement is jurisdictional." *Id.* Hence, a plaintiff's failure to serve the attorney general deprives a court of subject-matter jurisdiction.

The Complaint [Doc. 1] does not allege compliance with this statute. Hence, this Court lacks subject-matter jurisdiction over Counts III and IV and they should be dismissed. *See Ader v. SimonMed Imaging Inc.,* 324 F. Supp. 3d 1045, 1052 (D. Ariz. 2018).

Similarly, civil RICO complaints must be verified. A.R.S. § 13-2314.04(O). Although the statute does not expressly state that verification is jurisdictional, it clearly implies that a valid claim requires verification and therefore an unverified RICO claim must be dismissed. The obvious intent is to discourage parties from alleging RICO without a valid factual and legal basis to do so. Hence, this is another reason to dismiss Counts III and IV.

**3. Counts IV and XIII both assert "claims" for conspiracy under Arizona common law. Count IV should be struck because it is duplicative.**

Rule 12(f), Fed. R. Civ. P., allows this Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Hence, a defendant may file a motion under Rule

---

[3] As a preliminary matter, a district court sitting in diversity or hearing a state-law claim under its supplemental jurisdiction applies state substantive law and federal procedural law to those claims. *Mason & Dixon Intermodal Inc. v. Lapmaster Int'l LLC,* 632 F.3d 1056, 1060 (9th Cir. 2011); *In re Exxon Valdez,* 484 F.3d 1098, 1100 (9th Cir. 2007).

12(f) to strike duplicative or redundant claims. *See Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801, 809 (N.D. Cal. 2019) (courts "will strike a claim as redundant when it essentially repeats another claim in the same complaint"). "A 'redundant' matter consists of allegations that constitute a needless repetition of other averments or which are foreign to the issue to be decided." *Black & Veatch v. Modesto Irr. Dist.*, No. CV F 11-0695 LJO SKO, 2011 WL 2636218, at *5, n. 1 (E.D. Cal. July 5, 2011) (quoting *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005)).

Count IV and Count XIII are redundant and duplicative because they both allege the same cause of action—civil conspiracy under Arizona common law. Plaintiffs may argue that Count IV is a statutory claim like RICO itself. But it is not. Unlike the federal RICO statute,[4] the Arizona RICO statute does not provide for liability for conspiring to engage in racketeering. *See, generally,* A.R.S. §§ 13-2314 to 2314.04. Hence, Arizona common law controls any claim for civil conspiracy. Although Count IV is more specific than Count XIII (in that it is limited to conspiring to violate Arizona RICO), their elements are otherwise identical.[5] Hence, Count IV should be dismissed or struck as redundant and duplicative.

### 4. "Disgorgement" and "rescission" should be dismissed because they are not separate causes of action but, rather, they are remedies under theories separately alleged in the Complaint.

Count VIII is for "disgorgement" and Count IX is for "rescission." Both are merely remedies, not separate claims or causes of action. *Gilbert Unified Sch. Dist. v. CrossPointe LLC*, No. CV 11-00510-PHX-NVW, 2011 WL 6153610, at *17 (D. Ariz. Dec. 9, 2011) (rescission is a remedy, not a cause of action); *Barton v. Boesen*, No. 1 CA-CV 10-0756, 2011 WL 2365863, ¶ 34, n. 8 (Ariz. Ct. App. June 9, 2011) (rescission is a remedy, not a cause of action) (citing *Cty. of La Paz v. Yakima Compost Co.*, 224 Ariz. 590, 610, ¶ 62, 233 P.3d 1169, 1189 (Ct. App. 2010)); *Timeless Glob. LLC v. Olson*, No. 1 CA-CV 15-0005, 2016 WL 3660238, at *5 (Ariz. Ct. App. July 5, 2016) (rescission is a remedy, not a cause of action) (citing *Jennings v. Lee*, 105 Ariz. 167, 171, 461 P.2d 161, 165 (1969));

---

[4] *See* 18 U.S.C.A. § 1962(d).
[5] *See* Sections 5 and 6(a), *infra*.

*NWM Capital LLC v. Scharfman*, 144 A.D.3d 414, 415, 41 N.Y.S.3d 471, 473 (N.Y. App. Div. 2016) (disgorgement is a remedy, not a cause of action); *Cuidado Casero Home Health of El Paso Inc. v. Ayuda Home Health Care Servs. LLC*, 404 S.W.3d 737, 744 (Tex. App. 2013) (disgorgement is a remedy, not a cause of action); *Slovensky v. Friedman*, 142 Cal. App. 4th 1518, 1522, 49 Cal. Rptr. 3d 60, 63 (2006), *as modified* (Oct. 12, 2006) (disgorgement is a remedy, not a cause of action)

Because disgorgement and rescission are not independent causes of action, this Court should dismiss Counts VIII and IX. *See Diaz-Amador v. Wells Fargo Home Mortgages*, 856 F. Supp. 2d 1074, 1083 (D. Ariz. 2012) (dismissing claims for reformation and injunction because they are not "independent cause[s] of action" but rather remedies for "underlying cause[s] of action"); *Lorona v. Arizona Summit Law Sch. LLC*, 151 F. Supp. 3d 978, 997 (D. Ariz. 2015); *Thomas v. Wells Fargo Bank, Nat. Assn*, 866 F. Supp. 2d 1101, 1105, n. 4 (D. Ariz. 2012).

**5. Likewise, aiding and abetting and civil conspiracy are not independent causes of action but rather are means to impose liability upon those who act in concert for the commission of an underlying tort.**

Count IV and Count XIII both assert "conspiracy" as separate claims. Count XII similarly asserts "aiding and abetting" as a separate claim. But neither conspiracy nor aiding and abetting are, in and of themselves, causes of action. Rather, they are a means to impose tort liability upon someone who did not directly commit the tort but, in effect, facilitated it in some way. *Caruthers v. Underhill*, 230 Ariz. 513, 526, ¶ 54, 287 P.3d 807, 820 (Ct. App. 2012) ("Both aiding and abetting and conspiracy require, as an essential element, the commission of a tort").

"There is no such thing as a civil action for conspiracy; the action is one for damages arising out of the acts committed pursuant to the conspiracy, and damage for which recovery may be had in such civil action is not the conspiracy itself but the injury to the plaintiff produced by specific overt acts." *Perry v. Apache Junction Elementary Sch. Dist. No. 43 Bd. of Trustees*, 20 Ariz. App. 561, 564, 514 P.2d 514, 517 (1973) (citing *Tovrea Land & Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 131, 412 P.2d 47, 63 (1966)); *see also Cisco Sys. Inc. v. STMicroelectronics Inc.*, 77 F. Supp. 3d 887, 894 (N.D. Cal. 2014) ("Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common

plan or design in its perpetration"); *S. Union Co. v. Sw. Gas Corp.*, 165 F. Supp. 2d 1010, 1020, n. 8 (D. Ariz. 2001) (citing *Rowland v. Union Hills Country Club*, 157 Ariz. 301, 306, 757 P.2d 105, 110 (Ct. App. 1988) ("There is also no separate cause of action for conspiracy in Arizona"). Aiding and abetting also is "a theory of secondary liability," imposing liability only upon proof of an underlying tort. *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund*, 201 Ariz. 474, 485, ¶ 33, 38 P.3d 12, 23 (2002), *as corrected* (Apr. 9, 2002); *Dawson v. Withycombe*, 216 Ariz. 84, 102, ¶ 50, 163 P.3d 1034, 1052 (Ct. App. 2007).

The foregoing demonstrates that, under Arizona common law, there is no cause of action for either aiding and abetting or conspiracy. Rather, defendants who are proved to have either aided and abetted or conspired for the commission of an underlying tort may be jointly liable with the underlying tortfeasor, subject to A.R.S. § 12-2506(F)(1).[6] Hence, Counts IV, XII, and XIII should either be dismissed under Rule 12(b)(6) or struck as redundant under Rule 12(f).

### 6. The Complaint fails to adequately plead facts sufficient to establish the plausibility of the various causes of action.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)); *Karsten Mfg. Corp. v. Oshman's Sporting Goods Inc.-Servs.*, 869 F. Supp. 778, 780 (D. Ariz. 1994). A claim is facially plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the

---

[6] Section 12-2506(F)(1), part of Arizona's Uniform Contribution Among Tortfeasor's Act, allows joint liability to be imposed upon persons "acting in concert." According to that statute,

> "Acting in concert" means entering into a conscious agreement to pursue a common plan or design to commit an intentional tort and actively taking part in that intentional tort. Acting in concert does not apply to any person whose conduct was negligent in any of its degrees rather than intentional. A person's conduct that provides substantial assistance to one committing an intentional tort does not constitute acting in concert if the person has not consciously agreed with the other to commit the intentional tort.

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. This requires more than merely permitting a reasonable inference of the *possibility* that a defendant acted unlawfully. *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1955); *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). If the complaint's allegations fall short of this standard, dismissal is appropriate. *Lorona*, 151 F. Supp. 3d at 985.

Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

Well-pleaded factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, the principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. Legal conclusions couched as factual allegations are not entitled to a presumption of truth and are insufficient to defeat a motion to dismiss. *Iqbal*, 556 U.S. at 680, 129 S. Ct. at 1950; *In re Cutera Sec. Lit.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

Dismissal under Rule 12(b)(6) also can be based on "the lack of a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990).

### a. The Complaint fails to adequately plead facts plausibly establishing the existence of a conspiracy and Defendants' respective roles in the conspiracy.

Counts II and IV allege civil conspiracy in the context of RICO. Count XIII alleges a common-law conspiracy. These claims fail because Plaintiffs have not pleaded facts sufficient to

plausibly establish the existence of a conspiracy and because they have not pleaded facts sufficient to plausibly establish Clark's role in the purported conspiracy.

"For a civil conspiracy to occur two or more people must agree to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages." *Wells Fargo*, 201 Ariz. at 498, ¶ 99, 38 P.3d at 36 (quoting *Rowland v. Union Hills Country Club*, 157 Ariz. 301, 306, 757 P.2d 105, 110 (1988)). But a "mere agreement to do a wrong imposes no liability; an agreement plus a wrongful act may result in liability." *Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Tr. of Phoenix Inc.*, 197 Ariz. 535, 542, ¶ 30, 5 P.3d 249, 256 (Ct. App. 2000). The "essence" of a claim for civil conspiracy "is an agreement of the parties" that leads to the parties being "liable for the tortious acts of the other" parties involved in that agreement. *Alesii v. Bank of Am., N.A.*, No. 1 CA-CV 13-0462, 2014 WL 7341292, ¶ 17 (Ariz. Ct. App. Dec. 23, 2014) (citing *Baker*, 197 Ariz. at 542, ¶ 31, 5 P.3d at 256); *see also* § 12-2506(F)(1).

Plaintiff must allege facts sufficient to plausibly establish an agreement between the alleged conspirators to commit a tort. *See Cisco Systems*, 77 F. Supp. 3d at 894 (holding that merely alleging the exchange of information does not plausibly show an actual agreement to misinform the plaintiff). To survive a motion to dismiss under Rule 9(b), the plaintiff alleging civil conspiracy "must allege with sufficient factual particularity that defendants reached some explicit or tacit understanding" to act tortiously. *Ares Funding LLC v. MA Maricopa LLC*, 602 F. Supp. 2d 1144, 1150 (D. Ariz. 2009). "It is not enough to show that defendants might have had a common goal unless there is a factually specific allegation that they directed themselves towards this wrongful goal by virtue of a mutual understanding or agreement." *S. Union Co. v. Sw. Gas Corp.*, 165 F. Supp. 2d at 1020–21 (quoting *Alfus v. Pyramid Tech. Corp.*, 745 F. Supp. 1511, 1521 (N.D. Cal. 1990)); § 12-2506(F)(1).

As Hiller's and Fennemore Craig's motion to dismiss shows, Plaintiffs' Complaint fails to plausibly establish the existence of a conspiracy. Then, assuming the conspiracy exists, the Plaintiffs simply lump all of the Defendants together without plausibly establishing Clark's specific role in the alleged conspiracy. [*See also* § 6(b), *infra*.] Absent from the Complaint are factual allegations

8

regarding what each Defendant specifically agreed to do as part of a conspiracy, what each Defendant's specific role was, when, where and how each Defendant agreed to participate in the purported conspiracy and with whom they agreed. The closest that the Complaint comes is paragraph 174, where Plaintiffs allege the specific services that the various Defendants agreed *with Plaintiffs* to perform for them. These allegations fall short of establishing a facially-plausible conspiracy. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. The Complaint baldly alleges that Clark entered into a conspiracy with other Defendants, but it fails to allege facts identifying what specifically Clark agreed to, what Clark's role was, how Clark came to agree to participate in a conspiracy, or when Clark entered into the conspiracy. *See DM Research, Inc. v. College of Am. Pathologists,* 170 F.3d 53, 56 (1st Cir. 1999); *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966.

**b. The Complaint fails to adequately plead facts plausibly establishing the "who, what, when, and how" of any fraud or Clark's knowledge of the falsity of any statements purportedly made as part of the alleged conspiracy to defraud.**

At its core, the Complaint alleges a conspiracy to defraud Plaintiffs of fees for various legal, tax, and accounting services. Counts I and II (federal RICO), Counts III and IV (state RICO), Count V (breach of fiduciary duty), Count VIII (disgorgement), Count IX (rescission), Count XI (fraud), and Counts XII and XIII (aiding and abetting and conspiracy) all depend upon allegations of fraud.

Fraud requires clear and convincing proof that a defendant knowingly made a materially-false representation to the plaintiff, which the plaintiff reasonably relied upon, and that the defendant intended for the plaintiff to rely upon. *Dunlap v. Jimmy GMC of Tucson Inc.*, 136 Ariz. 338, 343, 666 P.2d 83, 88 (App. 1983); *Dawson*, 216 Ariz. at 96, ¶ 26, 163 P.3d at 1046. Moreover, not only must Plaintiffs satisfy the "plausibility" requirement imposed by *Twombly* and *Iqbal* for each element of fraud, they must also satisfy the Rule 9(b) requirement to allege the circumstances of the fraud with particularity. *United States ex rel. Anita Silingo v. WellPoint Inc.*, 904 F.3d 667, 677 (9th Cir. 2018). This requires Plaintiffs to allege the "who, what, when, where, and how" of the fraud conspiracy. *Id.* This further requires the complaint to "separately identify which defendant was

responsible for what distinct part of the plan." *Id.* at 677, 678. It is "not enough to 'lump' together the dissimilar defendants and assert that 'everyone did everything.'" *Id.* at 677.[7]

Moreover, "generalized allegations" of a conspiracy to defraud are "insufficient to state a civil RICO claim." *McZeal v. JPMorgan Chase Bank NA*, 735 F. App'x 913, 916 (9th Cir. 2018). Merely alleging a fraud conspiracy "does not show that Defendants took 'affirmative steps to mislead'"—facts must be pleaded to establish the plausibility of the allegation of affirmative steps. *See In re Animation Workers Antitrust Litig.*, 87 F. Supp. 3d 1195, 1215 (N.D. Cal. 2015) (citing *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1415–16 (9th Cir. 1987)).

Although the circumstances of a fraud must be pleaded with particularity, malice, intent, and knowledge may be pleaded generally. *WellPoint*, 904 F.3d at 679; Fed. R. Civ. P. 9(b). But the Complaint's allegations regarding malice, intent, or knowledge must still satisfy the *Twombly-Iqbal* standard – "A complaint must therefore set out sufficient factual matter from which a defendant's knowledge of a fraud might reasonably be inferred." *WellPoint*, 904 F.3d at 679-80 (citing *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949).

The Complaint's inadequate allegations about Clark's knowledge of the fraud or the falsity of various representations are consistent with the Complaint's generally-insufficient allegations, stating only bald conclusions without supporting factual allegations. Thus, Plaintiffs fail to allege sufficient facts from which Clark's knowledge can be plausibly inferred. The Complaint is replete with the allegations that "Defendants and the Other Participants knew or should have known" that some fact was false. But it rarely identifies which Defendant made the representation or which Defendants knew the representation was false. And it never pleads facts that, if true, establish a

---

[7] The Ninth Circuit distinguishes between "chain conspiracies," which is what is alleged in this case, and "wheel conspiracies." In a chain conspiracy, each conspirator is responsible for a distinct act within the conspiracy. Hence, their specific role must be alleged. In a wheel conspiracy, each conspirator (the spokes) agrees with a core conspirator (the hub) to engage in the same wrongful acts. In this situation, the conspirators' separate roles need not be alleged because they don't really have separate roles. *Id.*

particular Defendant's knowledge of the representation's falsity. [*See, e.g.,* Doc. 1, Count XI, ¶¶ 296-298.]

For example, Paragraph 297 lists a number of purported representations, but it does not plead who made those representations (attributing them to "Defendants" generally), why those representations were false, how Clark or any other Defendant knew they were false, or how Plaintiffs specifically relied upon those representations and why it was reasonable to do so.

Further, to be actionable as fraud, a representation must "be of a matter of fact which exists in the present, or has existed in the past and cannot be predicated upon the mere expression of an opinion or upon representations in regard to matters of estimate or judgment." *Dawson*, 216 Ariz. at 96, ¶ 27, 163 P.3d at 1046. The representation must be an actual assertion of fact and not "merely an agreement to do something in the future." *Id.* The exception is "where the promise to perform a future act was made with a present intention on the part of the promissor that he would not perform it." *Id.* Many, if not all, of the Complaint's allegations of falsity are asserted about statements that are opinions or are about future conditions or events, and thus do not support fraud.

Plaintiffs' fraud-based claims—Counts I-V and XI-XIII—should be dismissed because they do not adequately plead the elements of fraud.

### c.   The Complaint fails to adequately plead a breach of fiduciary duty.

Count V alleges breach of fiduciary duty. Attorneys are fiduciaries who owe their clients the "duties of loyalty, care, and obedience, whose relationship with the client must be one of 'utmost trust.'" *Webb v. Gittlen*, 217 Ariz. 363, 367, ¶ 20, 174 P.3d 275, 279 (2008). Breach of fiduciary duty is a tort. *Elliott v. Videan*, 164 Ariz. 113, 119, 791 P.2d 639, 645 (1990). It is apparent from the Complaint that the fiduciary duty claim asserted as Count VI sounds in fraud. As a consequence, this claim too is subject to Rule 9(b)'s heightened pleading standards. *See United Energy Trading LLC v. Pac. Gas & Elec. Co.*, 146 F. Supp. 3d 1122, 1142 (N.D. Cal. 2015). Because Plaintiffs do not adequately plead fraud under Rule 9(b) or the *Twombly-Iqbal* standard [*see* Sections 6(a) and 6(c)], this Count should be dismissed. Additionally, Plaintiffs again generally lump all Defendants together and

fail to identify which acts purportedly breaching a fiduciary duty are attributable to which Defendants. [*See, e.g.,* Doc. 1, ¶ 257.] Count V should be dismissed.

### d.  The Complaint fails to adequately plead facts plausibly establishing that Clark aided and abetted other Defendants' torts.

Count XII is for aiding and abetting. "A claim for aiding and abetting requires (1) the existence of an independent primary wrong, (2) actual knowledge by the alleged aider and abettor of the wrong and his or her role in furthering it, and (3) substantial assistance in the wrong." *Facebook, Inc. v. MaxBounty Inc.*, 274 F.R.D. 279, 285 (N.D. Cal. 2011) (quoting *In re 3Com Sec. Litig.*, 761 F. Supp. 1411, 1418 (N.D. Cal. 1990)).

> For a person to be liable for a tort for aiding and abetting it must be shown that the person knew the primary tortfeasor's conduct constituted a tort, and that the person substantially assisted or encouraged the primary tortfeasor in accomplishing the tort.

*Dawson*, 216 Ariz. at 102, ¶ 50, 163 P.3d at 1052. "Substantial assistance requires that the defendant's actions be a 'substantial factor' in causing the plaintiff's injury." *Facebook*, 274 F.R.D. at 285 (quoting *Impac Warehouse Lending Grp. v. Credit Suisse First Bostn LLC*, 270 F. App'x 570, 572 (9th Cir. 2008)). Moreover, the defendants "must *know* that the conduct they are aiding and abetting is a tort." *Wells Fargo*, 201 Ariz. at 485, ¶ 33, 38 P.3d at 23; *see also* 12-2506(F)(1).

The Complaint fails to allege facts articulating specifically what torts Clark supposedly aided and abetted, what "substantial assistance" Clark provided to the other tortfeasors, or how Clark knew that the acts that it was aiding and abetting were tortious. The Complaint alleges only that "[e]ach of the Defendant was aware of its respective role and responsibility in the overall tortious activity and intentionally provided aid and substantial assistance in the other Defendants' tortious activity." [Doc. 1, ¶ 304.] Hence, Plaintiffs do not adequately plead facts sufficient to plausibly establish that Clark is liable as an aider and abettor. Count XII should be dismissed.

### e.  The Complaint fails to adequately plead facts plausibly establishing Clark's participation in a RICO enterprise.

A plaintiff asserting a civil RICO claim under federal or Arizona law must prove that the defendant (1) conducted (2) an enterprise (3) through a pattern (4) of racketeering activity (predicate acts) (5) that caused injury to the plaintiff's business or property. *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996); *Piper v. Gooding & Co. Inc.*, 334 F. Supp. 3d 1009, 1019 (D. Ariz. 2018); 18 U.S.C. §§ 1962(c), 1964(c). Defendants in RICO actions must have "some knowledge of the nature of the enterprise . . . to avoid an unjust association of the defendant[s] with the crimes of others," and must be "each aware of the essential nature and scope of [the] enterprise and intended to participate in it." *United States v. Christensen*, 801 F.3d 970, 985 (9th Cir. 2015). Moreover, the RICO defendant must have had "some part" in directing the affairs of the enterprise. A RICO defendant is not liable unless he has participated in the operation or management of the enterprise itself. *Wieck v. CIT Grp., Inc.*, 308 F. Supp. 3d 1093, 1125 (D. Haw. 2018) (citing *Reves v. Ernst & Young*, 507 U.S. 170, 179, 113 S. Ct. 1163, 1170, 122 L. Ed. 2d 525 (1993)). Conducting requires "an element of direction"— the defendant must play some part in "directing the [enterprise's] affairs. *In re Arizona Theranos, Inc., Litig.*, 308 F. Supp. 3d 1026, 1060 (D. Ariz. 2018).  To determine whether the conduct element has been satisfied, the trier of fact should look to whether the defendant (i) occupies a position in the chain of command, (ii) knowingly implements the enterprise's decisions, or (iii) is indispensable to achieving the enterprise's goal. *Walter v. Drayson*, 538 F.3d 1244, 1248-49 (9th Cir. 2008).

To adequately plead the "conducting" element, a RICO plaintiff must plead facts that "explain how each Defendant 'participate[d] in the operation or management of the enterprise itself.'" *Wieck*, 308 F. Supp. 3d at 1126. The complaint may not simply lump the defendants together without explaining each defendant's "particular role in the enterprise." *Id.* A RICO plaintiff must also allege facts plausibly establishing that the enterprise has a structure for making decisions and that it has an existence beyond that which is necessary to commit the alleged acts. *Nielson v. Legacy Health Sys.*, 230 F. Supp. 2d 1206, 1211 (D. Or. 2001) (citing *Simon v. Value Behavioral Health Inc.*, 208 F.3d 1073, 1083 (9th Cir.), *amended,* 234 F.3d 428 (9th Cir. 2000), and *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007)). And the plaintiff must allege facts

plausibly establishing that a particular defendant "knew and agreed to facilitate a criminal offense in violation of RICO." *Id.*

Plaintiffs fail to plead facts plausibly establishing the existence of an enterprise that exists for a purpose other than committing racketeering. Plaintiffs fail to plead facts plausibly establishing that Clark knew about the existence of an unlawful enterprise and that Clark agreed to operate or manage it. And Plaintiffs fail to plead facts plausibly establishing that Clark participated in that enterprise's operations or management. Hence, Counts I-IV should be dismissed.

Additionally, to adequately plead conspiracy to violate RICO, a plaintiff must adequately plead a substantive RICO violation. *Carpenter v. Thrifty Auto Sales*, No. EDCV09-02233 DMG, 2010 WL 11595928, at *4-5 (C.D. Cal. July 30, 2010). Because Plaintiffs fail to adequately plead substantive RICO violations in Counts I and III, their RICO conspiracy claims (Counts II and IV)—and derivative aiding and abetting and civil conspiracy claims—must be dismissed.

### f.  The Complaint fails to adequately plead breach of contract because it does not allege Clark's non-performance as opposed to faulty performance.

Plaintiffs sue for breach of contract in Count X. The only contracts alleged between Clark and Plaintiffs are the "engagement agreements" between Clark and Plaintiffs creating the attorney-client relationship. [Doc. 1, ¶ 287.] Plaintiffs also assert a legal-malpractice claim against Clark in Count VI.

A legal-malpractice claim may include both tort and contract-based claims. But "[i]f one is going to assert a breach of contract claim against a lawyer, the contract relied upon must itself contain an undertaking to do the thing for the nonperformance of which the action is brought." *Towns v. Frey*, 149 Ariz. 599, 601, 721 P.2d 147, 149 (Ct. App. 1986). In other words, a client may sue her attorney for breach of contact only if the attorney undertook to perform a specific task and did not perform it. *Keonjian v. Olcott*, 216 Ariz. 563, 567, 169 P.3d 927, 931 (Ct. App. 2007) ("Only if there is a specific promise contained in the contract can the action sound in contract, and then only to the extent the claim is premised on the nonperformance of that promise"). "A retainer

agreement cannot form the basis for a malpractice action based upon contract." *Towns*, 149 Ariz. at 601, 721 P.2d at 149.

The key word is *nonperformance*. The critical distinction is "between nonfeasance and malfeasance." *Id.* The fact that an attorney may have carried out a task "in a negligent manner, in violation of the duty imposed on him by law to represent his client in accordance with the applicable standard of care, does not change the gravamen of the action from tort to contract." *Id.* (quoting *Collins v. Miller & Miller, Ltd.*, 189 Ariz. 387, 395, 943 P.2d 747, 755 (Ct. App. 1996)). For example, an attorney who does not prepare a will that he was hired to prepare may be sued for breach of contract. But if the attorney prepares the will in a faulty manner, he may be sued only in tort.

Count X alleges that Clark breached the contracts by failing to successfully implement the Captive Insurance Strategies. This sounds in *misfeasance* or *malfeasance*, not *nonfeasance* or *nonperformance*. [*See* Doc. 1, ¶¶ 287-288.] The Complaint does not allege that Clark failed to take action that it promised to undertake in the engagement agreements—e.g., to implement the Captive Insurance Strategies. Rather, it alleges that Clark's work to create a captive insurer and implement the Captive Insurance Strategies failed to achieve the Plaintiffs' objective to receive "non-tax benefits including, but not limited to, lawful insurance coverage, and in addition [to] legally reduce Plaintiffs' . . . federal and state taxes." [Doc. 1, ¶¶ 26, 288.]

The Complaint also alleges that the various Plaintiffs are third-party beneficiaries of various agreements "by, between, and among the Defendants and other participants." [Doc. 1, ¶ 290.] These allegations fail to meet the *Iqbal/Twombly* pleading standards. They fail to specifically identify the agreements to which they are purportedly third-party beneficiaries, how those agreements made them third-party beneficiaries,[8] who the parties are to those agreements, or how the agreements were breached.

---

[8] "The Arizona rule is that in order for a person to recover as a third-party beneficiary of a contract, an intention to benefit that person must be indicated in the contract itself. *Norton v. First Fed. Sav.*, 128 Ariz. 176, 178, 624 P.2d 854, 856 (1981). The contemplated benefit must be "both intentional and direct," and "it must definitely appear that the parties intend to recognize the third

Hence, Plaintiffs fail to adequately plead a direct claim for breach of contract or an indirect claim as third-party beneficiaries. Count X should be dismissed.

### g.  The Complaint fails to adequately plead the professional standard of care applicable to Clark and facts tending to plausibly establish its breach.

Count VI alleges professional malpractice and negligence. The duty an attorney owes is to "exercise that degree of care, skill, and knowledge commonly exercised by members of the profession." *Toy v. Katz*, 192 Ariz. 73, 85, 961 P.2d 1021, 1033 (Ct. App. 1997); *Phillips v. Clancy*, 152 Ariz. 415, 418, 733 P.2d 300, 303 (Ct. App. 1986). Plaintiffs fail to allege what that standard of care required of Clark, and failed to plead facts sufficient to plausibly establish its breach. Further, the Complaint just lumps all Defendants together and fails to distinguish between their differing relationships to Plaintiffs and their differing professional responsibilities. For instance, the Complaint alleges that as the Plaintiffs' "insurance, tax, legal, financial and investment advisors," the "Defendants owed Plaintiffs . . . a duty to comply with the applicable standards of care and the applicable provisions of their codes of professional responsibility," and that "Defendants failed to meet those applicable standards of care." [Doc. 1, ¶¶ 261-62.] Count VI should be dismissed.

### h.  The Complaint fails to adequately plead facts plausibly establishing all of the elements of negligent misrepresentation.

Count VII asserts negligent misrepresentation. The elements of negligent misrepresentation are the following:

> The elements of negligent misrepresentation are: (1) the defendant provided false information in a business transaction; (2) the defendant intended for the plaintiff to rely on the incorrect information or knew that it reasonably would rely; (3) the defendant failed to exercise reasonable care in obtaining or communicating the information; (4) the plaintiff justifiably relied on the incorrect information; and (5) resulting damage.

---

party as the primary party in interest." *Id.*

*KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 236 Ariz. 326, 333, ¶ 30, n. 7, 340 P.3d 405, 412 (Ct. App. 2014). This cause of action does not apply to promises of future conduct. *Shepherd v. Costco Wholesale Corp.*, 246 Ariz. 470, ¶ 18, 441 P.3d 989, 994 (Ct. App. 2019); *McAlister v. Citibank (Arizona), a Subsidiary of Citicorp*, 171 Ariz. 207, 215, 829 P.2d 1253, 1261 (Ct. App. 1992).

   As is common to all Counts, Plaintiffs generally lump all Defendants together and fail to identify which Defendants made which representations. Moreover, they fail to plead facts plausibly establishing the various representations' falsity, that Clark (or any other Defendant) was negligent in making the representation, or that Plaintiffs reasonably relied upon the representation. Hence, Count VII should be dismissed.

**Conclusion**

   This Court does not have subject-matter jurisdiction over Plaintiff's two state-law RICO [Counts III and IV] claims because they failed to serve the Complaint on the attorney general and failed to verify the Complaint. Further, Plaintiffs' assert two duplicative state-law conspiracy claims [Count IV and XIII], one of which should be struck as redundant. The claims for disgorgement, rescission, aiding and abetting, and conspiracy [Counts VIII, IX, XII, and XIII] are not legally-cognizable under Arizona law. Finally, Plaintiffs also fail to plead facts sufficient to establish the plausibility of any of their various claims. They should all be dismissed on those grounds.

   Dated August 30, 2019.

   Shorall McGoldrick Brinkmann

   /s/  Scott M. Zerlaut
   Paul J. McGoldrick
   Tom Shorall Jr.
   Scott M. Zerlaut
   Attorneys for Defendants Clark and
      Clark & Gentry

1
2

**Certificate of Service**

3

    The foregoing was filed and served upon the following through the United States District Court for the District of Arizona's CM/ECF Electronic Filing System on August 30, 2019:

4

5
    **For Plaintiffs:**
    Garrett W. Wotkyns
6
    Schneider Wallace Cottrell Konecky Wotkyns LLP
    8501 N. Scottsdale Rd., Suite 270
7
    Scottsdale, AZ 85253
8
    gwotkyns@schneiderwallace.com

9
    David R Deary
10
    W. Ralph Canada Jr.
    Jim L. Flegle
11
    Wilson E. Wray
    John McKenzie
12
    Donna Lee
13
    Tyler M. Simpson
    Loewinsohn Flegle Deary Simon LLP
14
    12377 Merit Dr., Suite 900
    Dallas, TX 75251
15
    davidd@lfdslaw.com
    ralphc@lfdslaw.com
16
    jimf@lfdslaw.com
17
    wilsonw@lfdslaw.com
    johnm@lfdslaw.com
18
    donnal@lfdslaw.com
    tylers@lfdslaw.com
19

20
    **For McEntee & Associates and John Garcia as Personal Representative for Estate of Craig McEntee:**
21
    William M. Demlong
    John K. Wittwer
22
    The Cavanagh Law Firm
23
    1850 N. Central Ave., Suite 2400
    Phoenix, AZ 85004-4527
24
    wdemlong@cavanaghlaw.com
    jwittwer@cavanaghlaw.com
25

26

**For Fennemore Craig and Neil Hiller:**
Joseph G. Adams
Snell & Wilmer LLP
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
jgadams@swlaw.com

Matthew L. Lalli
Snell & Wilmer LLP
15 W. South Temple, Suite 1200
Gateway Tower West
Salt Lake City, UT 84101
mlalli@swlaw.com

**For RMS Solutions:**
Jeanna Chandler Nash
Abigail Reinard Wolberg
Udall Law Firm LLP
4810 S. Broadway Blvd., Suite 400
Tucson, AZ 85711-3638
jnash@udalllaw.com
awolberg@udalllaw.com

By:  /s/ Roselyn Mosbrucker